**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | **June 10, 2014** | Docket #: | |
| Debtor: | **Francis K LaPlume** | Co-Debtor: | |
| SS#: | **xxx-xx-8991** | SS#: | |
| Address: | **370 Daniels Street<br>Fitchburg, MA 01420** | Address: | |

| | |
|---|---|
| Debtor's Counsel: | **David R. Chenelle 628424** |
| Address: | **6 Lyberty Way<br>Suite 201<br>Westford, MA 01886** |
| Telephone #: | **978-496-2000** |
| Facsimile #: | **978-496-2002** |

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

CHAPTER 13 PLAN

Docket No.: _____

| DEBTOR(S): | (H) | **Francis K LaPlume** | SS# | **xxx-xx-8991** |
| | (W) | | SS# | |

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **336.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____;or

☒ **45** Months.  The Debtor states as reasons therefore:

**Debtor(s) state "cause" exists under 11 U.S.C. § 1322(d) to extend the payments beyond thirty six (36) months. Debtor(s) have incurred a hardship, and will provide all their net disposable income towards the repayment plan.**

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Harley Davidson Financial** | The Creditor shall be paid its full claim with a 6% rate through the life of the Plan. | $ **8,715.88** |

Total of secured claims to be paid through the Plan  $ **8,715.88**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **-NONE-** | |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

    iii. The arrears under the lease to be paid under the plan are __0.00__ .

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan  $ __0.00__

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ __2,500.00__

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __5.6815__ % of their claims.

A. General unsecured claims:  $ __29,072.13__

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Harley Davidson Financial** | **Automobile loan** | $ 146.09 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **Ecmc** | **Educational Collection** | $ 5,067.00 |
| **Ecmc** | **Educational Collection** | $ 2,079.00 |
| **U S Dept Of Ed/fisl/at** | **Educational** | $ 3,098.00 |
| **U S Dept Of Ed/fisl/at** | **Educational** | $ 2,071.00 |

Total of Unsecured Claims (A + B + C):  $ __41,533.22__

D.  Multiply total by percentage: $ __2,359.71__
    (Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____%     $ _____ **0.00**

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

**Harley Davidson Financial - Shall be paid its full claim with a 6% interest rate through the Plan. Upon successful completion of the Plan, the secured creditor shall release or discharge its lien and mail the certificate of title to the Debtor within thirty (30) days of the issuance of the Chapter 13 discharge.**

**1. This is a "pot plan", in which the total of all payments in respect to unsecured creditors is a constant amount. The Trustee shall distribute this amount ratably amongst holders of allowed unsecured claims. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to general unsecured creditors. General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan, depending on the total of allowed unsecured claims.**

**2. Upon confirmation, all secured lenders shall commence all usual and customary billing and invoicing for post-petition payments. This includes, but is not necessarily limited to, sending invoices and statements directly to the debtor and allowing the debtor on-line access to their account information.**

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | **8,715.88** |
| B) Priority claims (Section II-A&B Total): | $ | **0.00** |
| C) Administrative claims (Section III-A&B Total): | $ | **2,500.00** |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | **2,359.71** |
| E) Separately classified unsecured claims: | $ | **0.00** |
| F) Total of a + b + c + d + e above: | =$ | **13,575.59** |
| G) Divide (f) by .90 for total including Trustee's fee: **$1,508.40** | | |
|      Cost of Plan= | $ | **15,084.00** |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,         **45** months
I. Round up to nearest dollar for Monthly Plan Payment:        $ _____ **336.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII. LIQUIDATION ANALYSIS**

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| -NONE- | $ | $ |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | 0.00 |
| Less Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

| | | | | | | |
|---|---|---|---|---|---|---|
| **2008 Dodge Caliber (52,000 miles)** | Value $ | 6,300.00 | Lien $ | 0.00 | Exemption $ | 6,300.00 |
| **2002 - Harley Davidson Fatboy motorcycle (26,000 miles)** | Value $ | 7,769.00 | Lien $ | 7,915.09 | Exemption $ | 5,000.00 |

| | | |
|---|---|---|
| Total Net Equity: | $ | 6,300.00 |
| Less Exemptions (Schedule C): | $ | 6,300.00 |
| Available Chapter 7: | $ | 0.00 |

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

**Workers Credit Union - Checking**
**Workers Credit Union - Savings**
**Webster Credit Union (Savings)**
**Household Goods and Belongings**
**Clothing**
**Jewelry**
**Term Life Insurance**
**City of Fitchburg Retirement**

| | | |
|---|---|---|
| Total Net Value: | $ | 30,326.58 |
| Less Exemptions (Schedule C): | $ | 30,326.58 |
| Available Chapter 7: | $ | 0.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:    $    0.00

E. Additional Comments regarding Liquidation Analysis:
   If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0** %.

**IX. SIGNATURES**

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ David R. Chenelle**
**David R. Chenelle 628424**
Debtor's Attorney
Attorney's Address: **6 Lyberty Way**
                      **Suite 201**
                      **Westford, MA 01886**
Tel. #:        **978-496-2000  Fax:978-496-2002**
Email Address:  **dchenelle@perkinslawpc.com**

**June 10, 2014**
Date

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **May 12, 2014**        Signature  **/s/ Francis K LaPlume**
                                                       **Francis K LaPlume**
                                                         Debtor

# United States Bankruptcy Court
### District of Massachusetts

In re **Francis K LaPlume**                                                                 Case No.
                                           Debtor(s)                                         Chapter    **13**

## CERTIFICATE OF SERVICE

I, David R. Chenelle, do hereby certify that on **June 10, 2014**, I caused to be served either electronically or by regular United States mail a copy of the Debtor's Chapter 13 Plan upon all interested parties, the Trustee and all creditors listed below.

**Denise M. Pappalardo, Esq.**
**Chapter 13 Trustee**

**Account Receivables Management, Inc.**
**P.O. Box 129**
**Thorofare, NJ 08086**

**Allied Account Services, Inc.**
**422 Bedford Avenue**
**Bellmore, NY 11710-3564**

**Asset Recovery Solutions, LLC**
**2200 E. Devon Avenue, Suite 200**
**Des Plaines, IL 60018-4501**

**Associated Credit Services**
**Attn: Data Processing Dept**
**115 Flanders Road, Suite 140; Po Box 517**
**Westborough, MA 01581**

**Best Buy**
**P.O. Box 17298**
**Baltimore, MD 21297-1298**

**Brian Phelps**
**127 Upton Road**
**Westborough, MA 01581-3218**

**Cap1/bstby**
**P.O. Box 6497**
**Sioux Falls, SD 57117**

**Capital 1 Bank**
**Attn: Bankruptcy Dept.**
**P.O. Box 30285**
**Salt Lake City, UT 84130**

**CBHV**
**P.O. Box 3495**
**Toledo, OH 43607**

**Collection**
**8875 Aero Dr Ste 200**
**San Diego, CA 92123**

**Ecmc**
**P.O. Box 16408**
**St. Paul, MN 55116**

**Figi's Inc**
**3200 S Central Ave**
**Marshfield, WI 54404**

**Ginnys/Swiss Colony Inc**
**Attn: Bankruptcy**
**1112 7th Ave**
**Monroe, WI 53566**

**Harley Davidson Financial**
**Attention: Bankruptcy**
**P.O. Box 22048**
**Carson City, NV 89721**

**HSBC Retail Services**
**P.O. Box 17298**
**Baltimore, MD 21297-1298**

**IC Federal Credit Union**
**Attn: Collections**
**300 Bemins Road**
**Fitchburg, MA 01420**

**IC System**
**Attn: Bankruptcy**
**444 Highway 96 East; Po Box 64378**
**St. Paul, MN 55164**

**Kohls/capone**
**N56 W 17000 Ridgewood Dr**
**Menomonee Falls, WI 53051**

**Lustig, Glaser & Wilson, P.C.**
**Kenneth C. Wilson, Esq.**
**P.O. Box 549287**
**Waltham, MA 02454-9287**

**Midland Funding, LLC**
**8875 Aero Drive**
**Suite 200**
**San Diego, CA 92123**

**Morrison Law Office**
**284 Cabot St**
**Attn. Wayne M Morrison**
**Beverly, MA 01915**

**MRS Associates**
**1930 Olney Avenue**
**Cherry Hill, NJ 08003**

**National Grid**
**P.O. Box 11737**
**Newark, NJ 07101-4737**

**National Grid**
**P.O. Box 960**
**Northborough, MA 01532-0960**

**NCO Financial Systems**
**507 Prudential Road**
**Horsham, PA 19044**

**Richard T. King, Esq.**
**Office of the US Trustee**

**Stevens Business Service**
**92 Bolt St # 1**
**Lowell, MA 01852**

**Stoneleigh Recovery Associates, LLC**
**P.O. Box 1479**
**Lombard, IL 60148-8479**

**Sunrise Credit Services, Inc.**
**P. O. Box 9100**
**Farmingdale, NY 11735**

**TD Bank, N.A.**
**P.O. Box 9547**
**Portland, ME 04112-9547**

**Thomas Industrial Network**
**5 Penn Plaza**
**New York, NY 10001**

**U S Dept Of Ed/fisl/at**
**Attn: Bankruptcy**
**61 Forsythe St Room 19t89**
**Atlanta, GA 30303**

**Ultratech International, Inc.**
**c/o Frank J Maier, Esq.**
**500 Main Street, Suite 580**
**Worcester, MA 01608**

**Unitil**
**P.O. Box 981010**
**Boston, MA 02298**

**Verizon**
**Verizon Wireless Department/Attn: Bankru**
**P.O. Box 3397**
**Bloomington, IL 61702**

**Verizon**
**500 Technology Dr Ste 30**
**Weldon Spring, MO 63304**

                 **/s/ David R. Chenelle**
                 **David R. Chenelle 628424**